IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC FLORES,   *
    Plaintiff,
   v.   *   CIVIL ACTION NO. PWG-14-177

UNITED STATES ATTORNEY   *
GENERAL & FEDERAL BUREAU
OF INVESTIGATION,   *
    Defendants.
                              *****

## MEMORANDUM

On January 23, 2014, Eric Flores ("Flores"), a resident of El Paso, Texas filed this self-represented 61-page complaint captioned as a "petition to challenge the constitutionality of the first amendment" and an application to proceed in district court without prepaying fees or costs.[1] Flores claims that venue is proper in this district because "respondents['] residency or place of business is within the geographic location of Maryland and … respondents['] acts or omissions that give rise to the legal claims occurred from within the geographic location of Maryland." Compl. 5, ECF No. 1. As best as I can discern, Flores alleges that he and sixteen other Mexican-American citizens of the United States have been subject to the unlawful interference with their criminal prosecutions, freedom of speech, religious practices, and marriages. He seeks declaratory and injunctive relief. *Id*. at 60–61.

### I.    PLAINTIFF'S CLAIMS

Plaintiff's factual statement of claim is replete with fanciful allegations. He first sets out a number of legal statements and conclusions. Flores then asserts that while confined as a pre-trial

---

[1] The application shall be granted. Additionally, the complaint includes a request seeking leave to file a class action on behalf of several individuals. Class certification shall be denied. Among the requirements which litigants must meet in order to maintain a class action is the requirement that the "representative parties will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). Flores, as a self-represented litigant, cannot represent others in a class action. *See Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975).

detainee in the Western District of Texas, he filed a federal action alleging that his civil rights were violated when "an organized groups of executive employees of the federal government" impersonated jail detention officers and engaged in acts or omissions that deprived him of due process rights as "accused in a criminal case" and interfered with his outgoing legal mail to prevent him from communicating to the federal court. Flores further complains that he was retaliated against for filing that action by the "use of advanced technology with a direct signal to the satellite in outer space that has the capability of calculating genetic code to cause his Uncle Jorge Salas severe heart pain for long durations exceeding calendar years."

Flores raises other claims including, but not limited to, that those same executive employees tortured his uncle and fabricated his uncle's autopsy report; deprived Flores of his First Amendment rights by disposing of letters he wrote from the Texas detention facility to complain about its employees; used the aforementioned "advanced technology" to cause him severe mental pain; electronically filed frivolous documents in the appellate courts to dismiss Flores's judicial misconduct complaint; impersonated officers and followed him while he was attending classes at a community college in Texas; used nuclear advanced technology in the "equivalent in intensity to the explosion of a nuclear weapon" to cause him mental pain and severe heart discomfort; bribed U.S. Postal employees to steal or throw away his outgoing legal mail to the Department of Justice or the federal courts in Washington, D.C.; and used deadly technology to torture a postal employee and fabricated reports setting out his cause of death as a heart attack.    Compl.

## II.     FAILURE TO STATE A CLAIM

This Court must conduct a preliminarily review of complaint allegations before service of process and dismiss them if satisfied that the complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when

2

the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted). *Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2) (B)(ii); *see Lopez v. Smith*, 203 F.3d 1122 (9th Cir 2000) (noting that "it is clear that Congress intended that the PLRA [Prison Litigation Reform Act of 1995] overrule the *Neitzke* holding that "section 1915(d) did not authorize district courts to dismiss, sua sponte, a complaint for failure to state a claim").

Flores's claims are wholly incredible and entirely irrational. Even giving a generous review to the self-represented petition, *see, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Erikson v. Pardus*, 551 U.S. 89, 94, 127 (2007), it is appropriate to dismiss Flores's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke,* 490 U.S. at 325–28.

**III. RES JUDICATA**

The affirmative defense of res judicata also provides grounds for dismissal under Fed. R. Civ. P. 12(b)(6), because it "'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted)). The doctrine of *res judicata* encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel. *See In re Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir. 1996) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine of *res judicata* contemplates, at a minimum, that courts not be required to adjudicate nor defendants to address successive actions arising out of the same transaction and asserting breach of the same duty. *See Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 563 (5th Cir. 1983).

For a prior judgment to bar an action on the basis of *res judicata,* the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003). "It is well established that dismissals with prejudice – including those resulting from settlement agreements or consent decrees – are treated as final judgments on the merits for purposes of res judicata." *Jacobs v. Venali*, 596 F. Supp. 2d 906, 914 (D. Md. 2009).

A review of plaintiff's prior federal court filings under the federal court Public Access to Court Electronic Records ("PACER") system reveals that he has filed approximately 130 cases and has filed the identical petition in the districts of Massachusetts, Connecticut, Delaware, Ohio,

4

Michigan, New Hampshire, New Jersey, Pennsylvania, Rhode Island, New York, Virginia, and West Virginia.[2] Those courts have dealt with Flores's petition against Attorney General Eric Holder and the Federal Bureau of Investigation ("F.B.I.") in different manners, including referral to a Magistrate Judge, transfer to another district, order to amend, and dismissal as frivolous. Flores is barred from filing this lawsuit under the grounds of res judicata as the very same complaint, filed in multiple federal courts, has been subject to dismissal with prejudice as frivolous in the Districts of New Jersey and New York. *See Flores v. U.S. Att'y Gen.*, No. JBS-14-461 (D.N.J. Jan. 29, 2014); *Flores v. U.S. Att'y Gen.*, No. JFB-14-617 (E.D.N.Y. Feb. 12, 2014). No appeals were filed in either case. The *res judicata* implications of these decisions are clear as to his claims against Defendants Holder and the F.B.I. Flores is estopped from what is in essence an attempt to re-litigate his claims against Defendants, and this Court shall not revisit the claims raised against these Defendants.

## IV. ABUSE OF PROCESS

In filing this same complaint in at least twelve other federal districts, Flores has abused the court process.[3] Given the summary dismissal of the complaint, however, the imposition of a filing injunction is necessary. Flores is placed on notice that all future cases he files in this Court shall be

---

[2] *See Flores v. U.S. Attorney General, et al*. Civil Action No. GAO-14-10183 (D. Mass. 2014); *Flores v. U.S. Attorney General*, Civil Action No. VLB-14-78 (D. Conn. 2014); *Flores v. U.S. Attorney General*, Civil Action No. LPS-14-096 (D. Del. 2014); *Flores v. U.S. Attorney General*, Civil Action No. ALM-14-84 (D. Ohio 2014); *Flores v. U.S. Attorney General*, Civil Action No. PLM-14-099 (D. Mi. 2014); *Flores v. U.S. Attorney General*, Civil Action No. JL-14-030 (D.N.H. 2014); *Flores v. U.S. Attorney General*, Civil Action No. JBS-14-461 (D.N.J. 2014); *Flores v. U.S. Attorney General*, Civil Action No. NBF-14-017 (W.D. Pa. 2014): *Flores v. U.S. Attorney General*, Civil Action No. LSA-14-042 (D.R.I. 2014); *Flores v. U.S. Attorney General*, Civil Action No. JFB-14-617 (E.D.N.Y. 2014). *Flores v. U.S. Attorney General*, Civil Action No. JPJ-14-04 (W.D. Va. 2014); *Flores v. U.S. Attorney General*, Civil Action No. IMK-14-019 (N. D. W. Va. 2014); *Flores v. U.S. Attorney General*, Civil Action No. GMG-14-13 (N.D. W.Va. 2014).

[3] It is believed that Flores is forum shopping his claims because he is subject to a pre-filing injunction and sanctions in the District of Texas. He is barred from filing any further complaints, petitions or other documents in the El Paso Division of the Texas federal district court without first satisfying the $350.00 monetary sanction imposed. *See Flores v. McDoug*, Civil Action No. FM-11-260 & *Flores v. United States Attorney General*, Civil Action No. DB-11-158. (W.D.

subject to pre-filing PACER screening. Further, to the extent that Flores may attempt to file other frivolous complaints alleging that Defendants are using high-tech satellites from outer space to interfere with him and family members, such an action would constitute an abuse of the judicial process. District courts have "inherent power to control the judicial process and litigation" when necessary to address conduct that abuses the judicial process. *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). This Court has an obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation involving vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel. *See Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). Flores is forewarned that his filing similar actions will not be tolerated. If Flores persists in filing such complaints, the Court may require that he show cause why leave of the Court should not be sought before he submits such filings or why sanctions should not be imposed against him under Fed. R. Civ. P. 11.[4]

    A separate Order shall be entered reflecting the rulings entered herein.

Date: <u>April 14, 2014</u>                           <u>     /S/     </u>
                                                                      Paul W. Grimm
                                                                      United States District Judge

---

Texas 2011).

    [4] Indeed, Flores has been barred from filing in forma pauperis petitions in non-criminal matters in the U.S. Supreme Court. *See Flores v. Holder*, 132 S.Ct. 2397 (2012).